# STATE OF IDAHO
#### Office of the Attorney General
##### Raúl R. Labrador

March 13, 2023

TRANSMITTED VIA CM/ECF

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
  for the Ninth Circuit
95 7th Street
San Francisco, CA 94102

     RE: *Edmo v. Idaho Dept. of Corrections, et al.,* Case No. 22-35876

Dear Ms. Dwyer:

     I write on behalf of Defendant-Appellant Idaho Department of Corrections and its officials (the "State of Idaho Appellants") to confirm our understanding with regard to our briefing obligations as conveyed by a member of your staff on March 10, 2023. Appellants' joint opening brief was due on March 13, 2023, but that deadline was affected by the filing of bankruptcy by Defendant-Appellant Corizon, and then the March 6 order of the bankruptcy court extending the automatic bankruptcy stay to "the litigation claims" in this case up through May 17, 2023. The very next day, the State of Idaho Appellants made a timely and proper motion in this Court to confirm the extension of the automatic stay to this appeal and to extend the time to file the opening brief to at least June 17, 2023. However, Plaintiffs-Appellees opposed that motion.

     On March 10, 2023, having not received a ruling on the motion, the State of Idaho Appellants contacted the clerk's office for guidance on how to proceed. The clerk's office explained that after a party files for an

extension, additional time to file a brief will be provided if the Court has not ruled upon the motion prior to the briefing deadline. This is consistent with our understanding of the Court's practice under Rule 31-2.2, as expressed in the Circuit Advisory Committee notes:

> If a party files a motion for a first extension of time to file a brief on or before the due date for the brief, and the Court does not rule on the motion until shortly before the due date, or on or after the due date for the brief, the Court ordinarily will grant some additional time to file the brief even if the Court does not grant the motion in full. Multiple motions for extension of time to file a brief are disfavored, however, and the Court may decline to grant relief if a successive motion fails to demonstrate diligence and substantial need.

*Federal Rules of Appellate Procedure,* Ninth Circuit Advisory Committee Note to Rule 31-2.2.

In light of the foregoing guidance, the State of Idaho Appellants will not file an opening brief today and will await the Court's ruling on their motion to confirm the extension of the bankruptcy stay to this case and to extend the deadline for the opening brief.

Respectfully submitted,

/s/ Lincoln Davis Wilson
Raúl R. Labrador
   *Idaho Attorney General*
Lincoln Davis Wilson
   *Chief of Civil Litigation and*
   *Constitutional Defense*
Andrea H. Nielsen
   *Deputy Attorney General*

*Counsel for Defendants-Appellants*